JS-6
LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, AND VACATING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS

Pending before the Court are three separate motions: (1) Plaintiffs Sherry Pate, et al.'s motion to remand (Dkt. No. 18); Defendant Boston Scientific's motion to stay (Dkt. No. 23); and (3) Defendant Boston Scientific's motion to dismiss (Dkt. No. 26). For the following reasons Plaintiffs' motion to remand is GRANTED. Because the Court remanded the suit, it VACATES Defendant's motion for stay and motion to dismiss.

### I.     FACTUAL BACKGROUND

Defendant Boston Scientific Corporation is an entity incorporated under the laws of Delaware, and headquartered in Boston, Massachusetts. (Notice Removal Ex. A ("Compl.") ¶ 68.) Apparently, Defendant designs, manufactures, and distributes various medical and surgical devices, including pelvic mesh products that are the focus of this lawsuit. (*See* Compl. ¶ 70.)

Defendant designed the particular mesh products primarily as a treatment for pelvic organ prolapse and stress urinary incontinence. (Compl. ¶ 100.) Pelvic organ prolapse is a medical condition resulting from weakened or stretched tissues that support a female's lower abdominal organs. (Compl. ¶ 101.) As a treatment for the condition, Defendant designs, manufactures, and distributes its mesh products to be surgically inserted and implanted to reinforce a patient's pelvic region. (Compl. ¶ 101.) Stress urinary incontinence is a medical condition involving incontinence during physical

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

activity. (Compl. ¶ 102.) Defendant designs, manufactures, and distributes its mesh products to be implanted in a patient's pelvic area in order to provide support to the patient's urethra, thus preventing incontinence. (*See* Compl. ¶ 102.)

Plaintiffs are sixty-five women medical patients who were treated using Defendant's mesh products. (*See* Compl. ¶¶ 2–67, 90, 128–134.) Following their respective medical procedures, Plaintiffs experienced serious side effects and injuries, requiring additional procedures, and causing severe and lasting pain. (Compl. ¶¶ 129–134.) Apparently, Plaintiffs' adverse side effects were caused due to the material of which Defendant's mesh products are made: composed biological and non-absorbable synthetic materials. (*See* Compl. ¶ 104.) Evidently, certain scientific evidence has indicated the possibility that those materials are biologically incompatible with human tissue, resulting in a negative immune response and inflammation of a patient's pelvic tissue. (Compl. ¶ 104.)

Consequently, on July 12, 2013, Plaintiffs jointly initiated a civil lawsuit against Defendant by filing a complaint with the Superior Court of California, County of Los Angeles. (*See* Compl.) Shortly thereafter, on August 28, 2013, Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, alleging this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.) Plaintiffs objects to Defendant's removal, contending jurisdiction under 28 U.S.C. § 1332 does not lie because the parties are not entirely diverse. (*See* Dkt. No. 18.) Accordingly, on September 13, 2013, Plaintiff filed a motion to remand the action to the Superior Court. (Dkt. No. 18.)

Apparently, Defendant is involved in myriad cases involving its mesh products. (*See* Dkt. No. 23, Def.'s Mot. Stay.) Thus, there is a multidistrict litigation proceeding, established in the Southern District of West Virginia, to coordinate all federal product liability actions involving Defendant's mesh products. (Def.'s Mot Stay 1.) At some point, Defendant applied to transfer this case to the multidistrict litigation proceeding, and on September 13, 2013, a conditional transfer order was issued. (Def.'s Mot. Stay 3; Awong Decl. ¶ 6, Ex. A.) Accordingly, on September 23, 2013, Defendant filed a motion to stay this case pending the transfer to the multidistrict litigation proceeding. (Dkt. No. 23.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

Additionally, Defendant has moved to dismiss the complaint for failure to state a claim. (Dkt. No. 26.)

## II. LEGAL STANDARD

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.[1] Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[1] Although inapplicable in this case, 28 U.S.C. § 1443 provides another means for removing a state court action to a federal district court.

Case 2:13-cv-06321-BRO-AJW Document 45 Filed 10/21/13 Page 4 of 9 Page ID #:1186

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

costs, and" the dispute is between "citizens of different states."[2] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 also limits removal to cases where none of the defendants "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Nevertheless, this so-called "forum defendant rule" is a "procedural, or non-jurisdictional," limitation on removal jurisdiction, and therefore may be waived. *Lively v. Wild Oats Markets Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction"; "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

## III. REQUEST FOR JUDICIAL NOTICE

A court may properly take judicial notice of: (1) material which is included as part of the complaint or relied upon by the complaint; and (2) matters in the public record. *See Tellabs Inc. v. Makor Issues & Rights Ltd.,* 551 U.S. 308, 322 (2007) ; *Lee v. City of Los Angeles,* 250 F.3d 668, 688–69 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed.R.Evid. 201(d); *Mullis v. U. S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 n. 9 (9th Cir.1987).

---

[2] Diversity of citizenship may also be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

Here, Defendant filed a Request for Judicial Notice, asking this Court to take judicial notice of exhibits A through K of the Awong Declaration. Exhibits A through K, are orders from courts throughout the United States and are properly judicially noticeable under Federal Rule of Evidence 201. Therefore, to the extent necessary to rule on the pending motions, the Court has considered all Defendants' judicially noticeable exhibits.

## IV. DISCUSSION

The Court will consider the motions in the order they were filed: first, Plaintiffs' motion to remand the action; second, Defendant's motion to stay the action pending a transfer to the multidistrict litigation proceeding; and, third, Defendant's motion to dismiss for failure to state a claim.

In their motion, Plaintiffs contend Defendants have inappropriately removed this action to federal court. (*See generally* Pls.' Mot.) They assert that jurisdiction cannot possibly be based on 28 U.S.C. § 1332 because the parties are not completely diverse. (Pls.' Mot 12:6–17.) Indeed, three of the plaintiffs are not diverse with Defendant: Plaintiffs Josephine Penza and Valerie Scheibner are residents and citizens of Massachusetts, and Plaintiff Denise Hutchinson is a resident and citizen of Delaware, (Compl. ¶¶ 9–11). Defendant is headquartered in Massachusetts, and incorporated in Delaware. (Compl. ¶ 68.) Therefore, jurisdiction in this matter cannot properly lie based on 28 U.S.C. § 1332. And after reviewing their complaint, it is readily apparent to the Court that Plaintiffs have alleged no federal causes of action; therefore, jurisdiction cannot properly lie based on 28 U.S.C. § 1331, either.

Yet, Defendant believes this action is rightly before the Court.[3] (Def.'s Opp'n 7.) According to Defendant, the three non-diverse plaintiffs have been "fraudulently misjoined," and should therefore be severed, leaving only diverse plaintiffs. (*See* Def.'s Opp'n 7–8.) Fraudulent misjoinder is a concept originating in the Eleventh Circuit. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). It appears to be

---

[3] Defendant also contends the Court should stay the matter pending a possible transfer to multidistrict litigation proceedings, and thus not decide whether remand is necessary. (Def.'s Opp'n 4.) Nevertheless, if there is no subject matter jurisdiction over this case in a federal court, it cannot be heard in this Court, nor can it be heard in another federal district where the multidistrict litigation proceeds. Therefore, the Court will properly consider Plaintiffs' motion to remand before considering Defendant's motion to stay.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

related to the legal doctrine of fraudulent joinder. *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). Fraudulent joinder of a non-diverse defendant is an exception to the requirement for complete diversity among the parties in a suit whose federal subject matter jurisdiction is based upon 28 U.S.C. § 1332. *Morris v. Princess Cruises Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a term of art, and does not describe plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). It exists, and therefore the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1339; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 564, 566 (9th Cir. 1998). Because the removal statute in general is narrowly construed, thus favoring remand, the doctrine of fraudulent joinder is likewise narrowly construed: "[i]n borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in state court." *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Indeed, a Court should reject removal, and remand the action to state court, unless the plaintiff is unable to state a claim against the non-diverse defendant, and "has no reasonable ground for supposing" it could. *Id.* Therefore, if any *possibility* exists that a plaintiff may prevail against the non-diverse defendant, fraudulent joinder must be rejected, and the case must be remanded. *Plute v. Roadway Package Sys., Inc.*, F. Supp. 2d 1005, 1008, 1012 (N.D. Cal. 2001).

Fraudulent misjoinder differs from fraudulent joinder. Under the Federal Rules of Civil Procedure, there are two requirements for "[p]ersons [to] join in one action as plaintiffs": (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Misjoinder occurs when multiple plaintiffs attempt to join separate claims that are not sufficiently related to warrant joinder. *See Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869 (E.D. Ohio 2008). *Fraudulent* misjoinder occurs when misjoinder is "so egregious as to constitute fraudulent joinder," thus warranting a severance of the improperly joined claims. *See Tapscott* 77 F.3d at 1360. Yet the Court would note that "[m]isjoinder is not a ground for dismissing an action," and "the court

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

*may* at any time, on just terms, add or drop a party," or "sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).[4]

     Although the Ninth Circuit has acknowledged the concept of fraudulent misjoinder in an unpublished decision, it has not yet elected to adopt the doctrine. *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc.*, 24 Fed. App'x 727, 729 (9th Cir. 2001);[5] *Osborn*, 341 F. Supp. 2d at 1127; *Caouette v. Bristol-Meyers Squibb Co.*, No. C-12-1814, 2012 WL 3283858 (N.D. Cal. Aug. 10, 2012). The Court need not decide whether to adopt the doctrine in this case. Even were fraudulent misjoinder a viable doctrine within the Ninth Circuit, in the Court's view, Defendant would not have met its heavy burden in demonstrating that removal was proper. The Court reiterates that "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance," and consequently Defendant bears a heavy burden of establishing proper removal to and original jurisdiction in this Court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). And, as articulated by the Eleventh Circuit in *Tapscott*, mere misjoinder is not fraudulent joinder; it only rises to the level of fraudulent joinder if it is sufficiently egregious.[6] *Tapscott*, 77 F.3d at 1360. Therefore, whereas fraudulent joinder

---

[4] The Court notes the permissive nature of Rule 21 and finds it telling of the standard, if one actually exists, for circumstances where dropping a party or severing a claim would be mandatory. Because Rule 21 is permissive, such a standard would of necessity be very demanding.

[5] Although the Ninth Circuit did not in fact adopt the doctrine of fraudulent misjoinder in *California Dump Truck Owners Association*, it did apply the doctrine in that case: "For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs." 24 Fed. App'x at 729.

[6] The Court notes Defendant's contention that misjoinder need not be egregious to be fraudulent. (Def.'s Opp'n 13–14.) And the Court is mindful of the district court cases cited by Defendant in support of its contention. (*See id.*) Yet, the Court rejects Defendant's argument in this respect. The court in *Tapscott* was clear: "We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is *so egregious as to constitute fraudulent joinder*." 77 F.3d at 1360 (emphasis added). If the Eleventh Circuit did not intend egregiousness to be the standard for fraudulent misjoinder, it could have selected one of myriad other terms to use in that sentence instead of "egregious." Moreover, the standard for fraudulent joinder is also very demanding: a court should reject removal and remand the action to state court unless the plaintiff is unable to state a claim against the non-diverse defendant, and "has no reasonable ground for supposing" it could. *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Therefore, logically then, the standard for fraudulent misjoinder would be similarly demanding. In any case, the Ninth Circuit has not adopted the doctrine of fraudulent misjoinder. As such, the Court is in no position to be altering the standard for a concept it would be borrowing from the Eleventh Circuit. This is especially true because, as noted above, a Ninth Circuit panel has in fact acknowledged the doctrine, without actually adopting it for the circuit, and applied it in the case before it. *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc.*, 24 Fed. App'x 727, 729 (9th Cir. 2001). That panel specifically referred to the doctrine as "egregious joinder of plaintiffs." *Id.* (interior quotation marks omitted). Although the panel's decision is not binding, it is the only Ninth Circuit guidance available at this time, and the Court is unwilling to disregard it.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

must be proven by clear and convincing evidence, *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), the Court interprets the corollary, that fraudulent misjoinder must also be proven by clear and convincing evidence.

In its opposition, Defendant contends Plaintiffs' "complaint alleges absolutely no factual connection among [P]laintiffs' claims, except that each was allegedly implanted with different pelvic mesh products manufactured by [Defendant]." (Def.'s Opp'n 11.) Yet, in the Court's view, Defendant oversimplifies Plaintiffs' claims. Indeed, Plaintiffs allege Defendant breached its duty to them by: "[f]ailing to design and manufacture the Mesh Products without defects," (Compl. ¶145(a)); "[f]ailing to exercise reasonable care in testing the Mesh Products prior to [their] marketing, sale, and distribution," (Compl. ¶ 145(b)); and "[f]ailing to include adequate warnings," (Compl. ¶ 145(c)). Additionally, Plaintiffs assert that "Defendant's Mesh Products are defectively designed," and therefore Defendant is strictly liable to them. (Compl. ¶ 155.) Moreover, Plaintiffs were injured when Defendant's mesh products were implanted into them. (Compl. ¶¶ 130, 133.) Defendant fails to explain why it cannot be said that Plaintiffs are "assert[ing a] right to relief . . . with respect to or arising out of the same . . . series of transactions or occurrences." Fed. R. Civ. P. 20. Instead, it merely asserts it has manufactured many different mesh products and therefore it is not plausible that Plaintiffs' claims arise out of the same transactions or occurrences. (Def.'s Opp'n 12.) Yet, Defendant's speculation does not rise to the level of clear and convincing evidence. Even if the Court were to accept Defendant's assertion that it is not plausible—and it is not clear that accepting Defendant's assertion would be appropriate—it is still *possible* that Plaintiffs' claims do arise out of the same transactions or occurrences. Without any kind of showing that Plaintiffs' are improperly joined, Defendant's efforts do not meet the requisite clear and convincing evidence standard.

Additionally, in the Court's view, Defendant's argument in favor of severing only the non-diverse plaintiffs' claims is inconsistent when based on the doctrine of fraudulent misjoinder. According to Defendant, Plaintiffs' claims do not arise out of the same transactions or occurrences, and are therefore fraudulently misjoined. It is not clear whether severance under fraudulent misjoinder would be permissive or mandatory. But, in either case, the Court is not persuaded that Plaintiffs have improperly joined their claims in a single lawsuit.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06321 BRO (AJWx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | SHERRY PATE, ET AL. V. BOSTON SCIENTIFIC CORP. | | |

Accordingly, Plaintiffs' motion to remand is GRANTED. As such, Defendants' motion to stay and motion to dismiss are VACATED as moot.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. Defendant's motion to stay and motion to dismiss are VACATED as moot.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |